Honorable James L. Paul Prosecuting Attorney McDonald County Courthouse Pineville, Missouri 64856
Dear Mr. Paul:
This is in response to your request for an opinion from this office as follows:
 "May the County Court of a third class county pay additional monies to the deputies of the county collector for the performance of collector's duties which have been added with no compensation paid therefor. In this particular instance, McDonald County, a third class County, the need for the collector is two additional deputies and their maximum salary is computed in 1974 as being $3850.00 and neither of said deputies are willing to continue full time duty at that salary. Is it illegal to supplement the deputies' pay in the collector's office from revenue sharing funds?
 "In 1975 the County Court supplemented the salaries of the two deputy collectors in the budget and paid the supplemental salary from revenue sharing funds. Following the audit by the State Auditor this was disallowed as unauthorized expenditures."
McDonald County is a third class county.
You inquire whether federal funds received under the federal revenue sharing act may be used by the county court to supplement the compensation received by deputies of the county collector.
Section 52.280, RSMo, provides as follows:
 "In addition to the maximum amount of fees and commissions permitted to be retained by county collectors in sections 52.260 and 52.270, each collector in counties of the third and fourth classes may retain for the payment of deputy and clerical hire a sum not to exceed seventy percent of the maximum amount of fees and commissions which the officer is permitted to retain by the sections, but the deputy and clerical hire is payable out of fees and commissions earned and collected by the officer only, and not from general revenue."
(Emphasis supplied)
Under this statutory provision, the maximum amount of fees and commissions permitted to be retained by county collectors in third class counties for the payment of deputy and clerical hire shall not exceed seventy percent of the maximum amount the officer is permitted to retain but the deputy hire is payable only from fees collected by the officer and not from general revenue. This statute expressly prohibits general revenue funds from being used to pay the salary of deputy collectors in a third class county.
In Alexander v. Stoddard County, 210 S.W.2d 107 (Mo. 1948), the issue was whether the treasurer and ex-officio collector of Stoddard County was entitled to recover from the county's general revenue account an amount expended by him for the salary of a deputy hired by him in view of the express statutory provision limiting the source of the deputy's pay to the fees and commissions earned by the office. In discussing this matter the court stated, l.c. 109, as follows:
 "In any event the legislature has the power to fix and limit the salaries of deputies and `As a general rule compensation for services rendered by assistants, deputies, and other employees can be allowed directly to them or to their superiors only as authorized by law; and where no provision is made for the payment, or for the appointment or employment of deputies and assistants, the latter must look exclusively to their employers for compensation, and such employer cannot look to the county for reimbursement. * * * Under other statutes deputies are to be paid by the principal out of the fees received by him in excess of the amount which he is to retain for himself, and the county is not liable for the salaries of such deputies.'. . ."
It is our view that general revenue funds of the county cannot be used to pay the salaries of deputy collectors or for clerical hire under the provisions of Section 52.280.
Section 123 (a) (4), Public Law 92-512, the State and Local Fiscal Assistance Act of 1972, provides that a local unit of government, in order to qualify for the receipt of revenue sharing funds, must satisfy the Secretary of the Treasury that:
 "it will provide for the expenditure of amounts received under subtitle A only in accordance with the laws and procedures applicable to the expenditure of its own revenues; . . ."
It is our view that federal funds received under the federal revenue sharing program cannot be used by McDonald County to supplement the compensation paid by the county collector for deputy hire.
CONCLUSION
It is the opinion of this office that federal revenue sharing funds received by McDonald County may not be used to supplement the compensation of deputy county collectors.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Yours very truly,
 JOHN C. DANFORTH Attorney General